# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54262-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JAMIE LORENE BURKLAND, | |
| Appellant. | |

MAXA, J. – Jamie Burkland appeals her sentence following her guilty plea to two counts of third degree assault of a child, one with the domestic violence enhancement. She argues, and the State concedes, that the trial court erroneously ordered that the sentences on the two convictions run consecutively rather than concurrently. We accept the concession, reverse Burkland's sentence, and remand for resentencing.

## FACTS

Burkland entered a guilty plea in Clark County Superior Court to one count of third degree assault of a child – domestic violence and one count of third degree assault of a child. The standard range sentence on each count was 3-8 months. The plea agreement stated that the State would recommend an agreed 8-month sentence on each count, to run concurrently, and 12 months of community custody.

Instead of following the parties' recommendation, the court sentenced Burkland to 6 months on each count, to run *consecutively*. The court also imposed 12 months of community

custody. In its oral ruling, the court did not acknowledge that imposing consecutive sentences constituted an exceptional sentence or identify an aggravating factor that would support the sentence. The judgment and sentence did not state that the court was imposing an exceptional sentence and the court did not issue written findings and conclusions.

Burkland appeals her sentence.

ANALYSIS

RCW 9.94A.589(1)(a)[1] states that when a person is sentenced for two or more current offenses, (1) the sentences imposed shall be served concurrently, and (2) "[c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." "A departure from the standards in RCW 9.94A.589 (1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence." RCW 9.94A.535.

Under RCW 9.94A.535(2) a trial court can impose an exceptional sentence without a jury finding only if one of four specified aggravating factors is present:

> (a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.
> (b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
> (c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
> (d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.

---

[1] RCW 9.94A.589 was amended after Burkland was sentenced, but there were no amendments to subsection (1)(a). Therefore, we cite to the current version of the statute.

Further, when imposing an exceptional sentence the court must set forth the reasons for its decision in written findings of fact and conclusions of law. RCW 9.94A.535.

Here, the trial court ran the sentences for Burkland's two convictions consecutively, which constituted an exceptional sentence under RCW 9.94A.535. However, the trial court did not identify an aggravating factor in RCW 9.94A.535(2) that supported the exceptional sentence and did not issue findings of fact and conclusions of law as required by RCW 9.94A.535. Therefore, we hold that the trial court erred in imposing consecutive sentences.

## CONCLUSION

We reverse the trial court's sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____, C.J.
LEE, C.J.

_____
SUTTON, J.